United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | Case No. 5:16-cr-00373-EJD |
|---|---|
| Plaintiff, | |
| v. | **ORDER OVERRULING OBJECTION TO NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE** |
| KRISTEL KUBUROVICH, | Re: Dkt. No. 55 |
| Defendant. | |

Defendant Kristel Kuburovich objects to Magistrate Judge Nathanael Cousins' ruling denying discovery related to a vindictive prosecution defense. Dkt. No. 55. The objection will be overruled.

I. **LEGAL STANDARD**

Subject to some limitations not relevant here, any nondispositive pretrial matter before the district court may be referred to a magistrate judge for determination. 28 U.S.C. § 636(b)(1)(A). Once rendered, the decision of the magistrate judge may only be reconsidered by the district court where the order is "clearly erroneous" or "contrary to law." Id.; Fed. R. Crim. P. 59(a). This standard is not easily satisfied because it affords the magistrate judge significant deference. United States v. Abonce-Barrera, 257 F.3d 959, 969 (9th Cir. 2001) ("[T]he text of the Magistrates Act suggests that the magistrate judge's decision in such nondispositive matters is entitled to great

deference by the district court."). Indeed, "the reviewing court may not simply substitute its judgment for that of the deciding court." Grimes v. City & Cty. of S.F., 951 F.2d 236, 241 (9th Cir. 1991).

"The 'clearly erroneous' standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters." F.D.I.C. v. Fid. & Deposit Co. of Maryland, 196 F.R.D. 375, 378 (S.D. Cal. 2000). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).

The legal conclusions of a magistrate judge are subjected to a "contrary to law" standard, which amounts to de novo review. Perry v. Schwarzenegger, 268 F.R.D. 344, 348 (N.D. Cal. 2010). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." Na Pali Haweo Cmty. Ass'n v. Grande, 252 F.R.D. 672, 674 (D. Haw. 2008).

## II. DISCUSSION

Defendant's objection has two parts. First, she asserts that Judge Cousins incorrectly applied a selective prosecution standard rather than a vindictive prosecution standard. Second, Defendant argues her showing before Judge Cousins satisfied the correct standard. These arguments are unpersuasive.

### A. Judge Cousins' Legal Conclusions are not Contrary to Law

Protections against vindictive prosecution are based on the premise that "while an individual certainly may be penalized for violating the law, he just as certainly may not be punished for exercising a protected statutory or constitutional right." United States v. Goodwin, 457 U.S. 368, 372 (1982) ("Goodwin"). Vindictiveness may be shown in two ways; either "by producing direct evidence of the prosecutor's punitive motivation" or through a presumption. United States v. Jenkins, 504 F.3d 694, 699 (9th Cir. 2007). For the latter to arise, however, the

defendant must demonstrate a reasonable likelihood that the Government acted because the defendant "exercised a statutory, procedural, or constitutional right in circumstances that give rise to an appearance of vindictiveness." United States v. Gallegos-Curiel, 681 F.2d 1164, 1168 (9th Cir. 1982); accord Jenkins, 504 F.3d at 700.

In United States v. One 1985 Mercedes, 917 F.2d 415, 421 (9th Cir. 1990), the Ninth Circuit observed that "[i]n limited circumstances, individuals have the right to pursue discovery against the government to support claims for vindictive prosecution." These circumstances are satisfied when a criminal defendant "establishes a prima facie showing of a likelihood of vindictiveness by some evidence tending to show the essential elements of the defense." One 1985 Mercedes, 917 F.2d at 421. Stated differently, the court may order the production discovery on vindictiveness if the defendant provides some direct evidence of the Government's improper motivation, or some evidence that the Government would not have indicted the case but for the exercise of a protected right. See id.; see also Jenkins, 504 F.3d at 699-700.

Here, Judge Cousins properly cited the standard from One 1985 Mercedes in his oral and written rulings. He indicated at the hearing he was "not persuaded by the defense evidence there is a prima facie showing of a likelihood of vindictiveness by some evidence intending [sic] to show the essential elements of the defense," and found "no evidence of impermissible motive." Dkt. No. 53, at 15:5-8. In the ensuing written order, Judge Cousins again recognized Defendant's burden was to produce some evidence demonstrating a "likelihood of vindictiveness," but that Defendant had "not shown evidence of an impermissible motive." Dkt No. 52, at 2:2-9.

Defendant takes issue with Judge Cousins' reliance on One 1985 Mercedes because the case does not differentiate between selective prosecution and vindictive prosecution. On that basis, Defendant claims Judge Cousins erred by applying the selective prosecution standard to her request for discovery on a vindictive prosecution defense.

Defendant is correct that the opinion from One 1985 Mercedes appears to apply the test for selective prosecution to a vindictive prosecution claim. The Ninth Circuit observed that a

defendant asserting selective prosecution "has a two-part burden." One 1985 Mercedes, 917 F.2d at 421. "He must establish both that others similarly situated have not been prosecuted and that the allegedly discriminatory prosecution . . . was based on an impermissible motive." Id. (quoting United States v. Greene, 698 F.2d 1364, 1368 (9th Cir. 1983)). A vindictive prosecution defense arguably does not require a showing of disparate treatment since its purpose is only to protect against improper retaliatory actions made in response to the exercise of a protected right.

Judge Cousins found that Defendant failed to show dissimilar prosecutions amongst similarly-situated individuals. This was an extra finding arguably inapplicable to the issue before the court. But it does not render Judge Cousins' decision erroneous because the defenses of selective and vindictive prosecution are related. As One 1985 Mercedes establishes, the "impermissible motive" element is common to both defenses. 917 F.2d at 420. Goodwin reinforces this overlap, since the Court's analysis of vindictiveness focused on extracting a particular "impermissible motive" from the record. 457 U.S. at 384 ("[W]e of course do not foreclose the possibility that a defendant in an appropriate case might prove objectively that the prosecutor's charging decision was motivated by a desire to punish him for doing something that the law plainly allowed him to do."). Judge Cousins examined the "impermissible motive" element in conjunction with Defendant's request.

Defendant also suggests Judge Cousins erred by not considering that vindictiveness can be shown through a presumption. Specifically, Defendant argues Judge Cousins "failed to apply this presumption" and instead required her to produce actual evidence of an impermissible motive. This argument is misplaced as framed. The matter before Judge Cousins was a discovery motion to obtain evidence that might support a presumption, not the motion to dismiss at which the presumption is applied. Error cannot be based on a perceived failure to apply a doctrine that does not yet apply.

Moreover, the standard for vindictive prosecution discovery required Defendant to produce some evidence of the Government's improper motivation, even if she intends to rely on a

presumption to prove the defense. One 1985 Mercedes, 917 F.2d at 421. Judge Cousins recognized this burden, but found Defendant failed to satisfy it.

In sum, Defendant has not shown that Judge Cousins' legal conclusions are contrary to law.

### B. Judge Cousins' Decision to Deny Discovery is not Clearly Erroneous

Defendant argues she produced some evidence sufficient to show that the Government would not have indicted her but for her acquittal on state criminal charges. Judge Cousins did not clearly err, however, by finding Defendant only demonstrated a "scent of vindictiveness" and denying discovery. Dkt. No. 53, at 15:18-20.

Defendant's presentation before Judge Cousins was rooted largely on circumstance and speculation of a conspiracy among federal and state law enforcement and prosecutors to purportedly punish Defendant for prevailing at a criminal trial in state court. In addition, Judge Cousins heard from the assistant United States Attorney who made the decision to indict Defendant, and who was not alleged to have participated in the investigation leading to the state charges. He stated: (1) the Government was working on this case before the state-court acquittal, and contemplated whether foreign documents were necessary to prove the case, (2) there was a change in case agents, and (3) there was a nearly three-month time difference between the acquittal and the federal indictment. In light of those representations dispelling a vindictive motivation, and keeping in mind: (1) that the initial charges filed by the district attorney "may not reflect the extent to which an individual is legitimately subject to prosecution" (Goodwin, 457 U.S. at 368-69), (2) that "a mere opportunity for vindictiveness is insufficient to justify the imposition of a prophylactic rule" (Id. at 369), and (3) that "[a] sequence of events is not enough; the likelihood of retaliation is crucial" (Gallegos-Curiel, 681 F.2d at 1168), the decision to deny discovery was a legitimate outcome based on the record. This court, therefore, is not left "with the definite and firm conviction that a mistake has been committed." U.S. Gypsum Co., 333 U.S. at 395.

Case No.: 5:16-cr-00373-EJD
ORDER OVERRULING OBJECTION TO NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE

5

### III. ORDER

Defendant's Objection to Nondispositive Order of Magistrate Judge (Dkt. No. 55) is OVERRULED.

**IT IS SO ORDERED.**

Dated: February 13, 2018

EDWARD J. DAVILA
United States District Judge