United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

GOYKO GUSTAV KUBUROVICH, et al.

Defendants.

Case No.  16-cr-00373-EJD

**ORDER DENYING MOTION TO DISMISS/ORDERS ON MOTIONS IN LIMINE**

Defendant's Motion to Dismiss, (Dkt. 83) came for hearing before the court on August 27, 2018. After considering all the pleadings and after hearing from counsel, the court Denies the Motion to Dismiss.

The court heard defense counsels arguments that they feel misled by the Government in regards to continued plea negotiations that formed the basis for their agreement to continue the trial date to their detriment. As the court noted, review of Dkt. 80, the Stipulation for Continuance, shows that the stipulated continuance in addition to providing opportunity for disposition discussions also afforded time for trial preparations and the parties agreed to the need for adequate and effective preparation of counsel as well as for the mutual schedules of counsel. See Dkt. 79 pg. 2. For these reasons and those stated on the record Defendant's motion to dismiss is denied.

**Orders on MIL's**

The court having heard argument on Governments motions in limine orders as follows:

**Govt. MIL #1**- Granted in part. The identity of Defendant's business, MediLeaf may be mentioned in the trial. The general nature of the business may be revealed in the evidence that is presented. There will be no mention of state prosecutions or resulting verdicts from those trials.

There will be no evidence or argument of vindictive prosecution as that issue has been

previously resolved by this court. Defendant seeks to impeach Government witness Investigator Dean Ackemann as biased based on his disappointment in the prosecution from the state proceedings or his personal animus toward Defendants. Defendants will wait to hear Mr. Ackemann's testimony and inform the court of potential questioning prior to examination.

Defendant agrees it will not engage any jury nullification statements during the trial.

**Govt. MIL #2**- Granted in part. The court will permit evidence of Defendant's financial matters listed on Dkt. 91, pages 4, 5, 6 except for evidence of Goyko and Kristel Kuburovich alleged failure to timely file FBAR returns in 2009, 2010.

The government has indicated it will not seek to admit evidence of Goyko Kuburovich providing advice to his older daughter following a traffic accident, Dkt. 91, pg. 6 line 18.

The government may not introduce evidence of Goyko Kuburovich's convictions on December 5, 2014, in state court for grand theft. These convictions were reduced to misdemeanors and the court finds they are not admissible against Goyko Kuburovich.

Introduction of evidence from state court proceedings regarding Lis Pendens attached to the Eagle Ridge property is Deferred pending additional discussion with counsel.

Evidence of Kristel Kuburovich failing to disclose Goyko Kuburovich's pending Bankruptcy in the Chapter 11 Bankruptcy filing and petition for Nata, LP is Deferred pending additional discussion with counsel.

**Govt. MIL # 3**- Government seeks to introduce certain statements of parties as coconspirator statements under Federal Rule of Evidence 801(d)(2)(E).

In order for a coconspirator statement to be admissible at trial under Rule 801(d)(2)(E), the government must show by a preponderance of the evidence that:

1) The conspiracy existed when the statement was made

2) The defendant had knowledge of, and participated in the conspiracy; and

3) The statement was made "in furtherance" of the conspiracy

The court will preview prior to trial a summary of the coconspirator statements sought to be offered by the government. The court will then determine which statements and related documents will be permitted to be introduced. Such admission will be conditional and subject to

United States District Court
Northern District of California

United States District Court
Northern District of California

1  modification as the final decision as to admissibility will be determined during or at the close of

2  trial and subject to the government meeting their foundational obligations.

3      To accomplish the above, the court adopts the following protocol:

4      The government will disclose to defense the following information with a list of the

5  coconspirator statements sought to be introduced at trial:

6      1)  The identity of the testifying witness, the declarant of each specific coconspirator

7          statement, and/or the source of the coconspirator statement;

8      2)  The specific coconspirator statements to be introduced via that witness and/or the

9          source of the conspirator statement;

10      3)  A statement describing the purported role in, or relationship to, the conspiracy of the

11          witness, declarant and/or the source of the coconspirator statement;

12      4)  A summary of the evidence showing that the proffering witness, if  a coconspirator,

13          knew about and participated in the conspiracy; and

14      5)  A summary of the evidence showing that each declarant of the coconspirator

15          statement(s) knew about and participated in the conspiracy.

16      The government will also supply the timing of the statement(s) so as to establish whether it

17  was made during the relevant time period.

18      The government will provide this information to the defendants no later than close of

19  business September 5, 2018. Defendant's may file any objections no later than close of business

20  September 12, 2018. The court will review the filings and may make rulings on the conditional

21  admission of coconspirator statements without need for further hearing.

22      The court Defers ruling on the admissibility of post arrest statements of Kristal

23  Kuburovich. The court will receive from the government a video of the interview and review the

24  video and transcripts of the interview provided by each side.

25      The court reserves September 17, 2018, for further hearing on this.

26      **Govt. MIL # 4** – Granted, Defendants indicate they will not present evidence of duress,

27  alibi or entrapment.

28      **Govt. MIL # 5**- Granted- The parties shall meet and confer to identify documents and

1    reach agreement on joint stipulation as to this evidence. The parties shall notify the court of any

2    remaining disputed evidence.

3          The court reserves September 17, 2018, for further hearing on deferred and other matters.

4          **IT IS SO ORDERED**.

5    Dated: 9/4/2018

6    _____

7    EDWARD J. DAVILA
     UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California